**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**STEPHANIE ROGERS and KRISTINA RILEY**, *Individually and on behalf of themselves and other similarly situated current and former employees*,

      Plaintiff,

        v.

**RAINBOW REHABILITATION AND HEALTHCARE CENTER, LLC.,**

      Defendant.

No. _____

**FLSA Multi-Plaintiff Action
JURY DEMANDED**

---

### ORIGINAL FLSA MULTI-PLAINTIFF ACTION COMPLAINT

---

Named Plaintiffs, Stephanie Rogers and Kristina Riley ("Plaintiffs"), individually and on behalf of themselves and all other similarly situated hourly-paid nurses, bring this Fair Labor Standards Act ("FLSA") Multi-Plaintiff action against Rainbow Rehabilitation and Healthcare Center LLC ("Defendant") and states as follows:

### I.      <u>INTRODUCTION</u>

1. This lawsuit is brought against Defendant as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiffs and other similarly situated hourly-paid nurses.

2. Defendant violated the FLSA by failing to pay Plaintiffs and those similarly situated for all hours worked over eighty (80) within weekly pay periods at one and one-half times their regular hourly pay rates.

## II.   **PARTIES**

3.   Plaintiff Stephanie Rogers has been employed by Defendant as an hourly-paid nurse at all times material to this action. Plaintiff Roger's consent to join form is attached as *Exhibit A*.

4.   Plaintiff Kristina Riley has been employed by Defendant as an hourly-paid nurse during all times material to this action. Plaintiff  Riley's consent to join form is attached as *Exhibit B*.

5.   Defendant, Rainbow Rehabilitation and Healthcare Center, LLC., is a Delaware limited liability company whose principal address is 8119 Memphis Arlington Road, Bartlett, Tennessee 38133-2103. Defendant's registered agent for service of process is Corporation Service Corporation. 2908 Poston Ave., Nashville, Tennessee 37203-1312.

## III.   **JURISDICTION AND VENUE**

6.   This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

7.   Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Plaintiffs were employed by and worked for Defendant within this district, and Defendant has conducted business within this district during all times material to this action.

## IV.   **COVERAGE**

8.   Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) during all times material herein.

9.   Defendant engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross revenue of not less than $500,000 during all times material to this action.

10.    Defendant has been the "employer" of Plaintiffs and those similarly situated, as that term is defined by §203(d) of the FLSA.

11.    Plaintiffs and similarly situated hourly-paid nurses have been "employees" of Defendant as that term is defined in the FLSA, and such employees have engaged in commerce or in the production of goods for commerce on behalf of Defendants, as defined by 29 U.S.C. §§ 206– 207, during all times material to this action.

## V.    FACTUAL ALLEGATIONS

12.    Defendant is a rehabilitation facility located in Bartlett, Tennessee.

13.    Plaintiffs and those similarly situated were employed by Defendant as hourly-paid employees during all times material to this action.

14.    At all times material to this action, Defendant has had a timekeeping system to record the hours worked by Plaintiffs and those similarly situated.

15.    Plaintiffs and those similarly situated worked 80 hours or more within bi-weekly pay periods during all times material to this action.

16.    Plaintiffs and those similarly situated worked more than 80 hours within weekly pay periods when combining their paid hours and their unpaid compensable hours, as addressed below.

17.    Plaintiffs and those similarly situated worked during their 30-minute unpaid meal periods and were not fully relieved of their job duties during 30-minute unpaid meal periods.

18.    Defendant has had a common policy and practice of failing to pay Plaintiffs and those

similarly situated for the time they spent working during 30-minute unpaid meal breaks as well as for the time during which they were not fully relieved from their job duties during 30-minute unpaid meal periods, during all times material herein.

19. As a result, Defendant has failed to pay Plaintiffs and those similarly situated for all their compensable unpaid 30-minute meal breaks at one and one-half times their regular hourly rates of pay within bi-weekly pay periods during all times material when so working during such unpaid meal breaks or not fully relieved from their job duties during such unpaid meal breaks.

20. When Plaintiffs and those similarly situated documented their unpaid time for working during 30-minute meal periods and/or not fully relieved of their job duties during such 30-minute meal periods, Defendant would refuse to approve their unpaid time.

21. Defendant has been aware it was not compensating Plaintiffs and those similarly situated for the time they spent working during 30-minute unpaid meal breaks and for the time during which they were not fully relieved from their job duties during 30-minute unpaid meal periods, during all times material herein.

22. Also, Plaintiffs and those similarly situated have handled job-related telephone calls during their off-duty time without being paid one and one-half times their regular hourly rates within bi-weekly pay periods during all times material herein.

23. Defendant has been aware it was not compensating Plaintiffs and those similarly situated for the time they spent handling job-related telephone calls during their off-duty hours.

24. The unpaid overtime wage claims of Plaintiffs and those similarly situated are unified though common theories of Defendant's FLSA violations.

25. Defendant's common practice of failing to compensate Plaintiffs and those similarly

situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

26.    Defendant's failure to compensate Plaintiffs and those similarly situated for their unpaid overtime hours was willful with reckless disregard to the FLSA overtime compensation requirements and without a good faith basis.

27.    As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiffs and those similarly situated in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation as well as other damages.

28.    The net effect of Defendant's common practice of failing to pay Plaintiffs and those similarly situated one-and-one-half times their regular hourly rates of pay for all hours worked over 80 within bi-weekly pay periods during all times material to this action was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiffs and those similarly situated.

## VI.    FLSA MULT-PLAINTIFF ACTION ALLEGATIONS

29.    Plaintiffs bring this lawsuit as a multi-plaintiff action on behalf of themselves and those similarly situated under 29 U.S.C. § 216(b) to recover from Defendant unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and other related damages.

30.    More particularly, Plaintiffs bring this action on behalf of themselves and the following similarly situated persons:

> All current and former hourly-paid nurses of Defendant who have performed work for Defendant at its facility in Bartlett, Tennessee, during the applicable limitation's period (*i.e.,* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiffs and those who elect to join this action pursuant to the FLSA, 29 U.S.C. *§* 216(b).

(Collectively, "potential plaintiffs").

31.    Plaintiffs and potential plaintiffs to this action are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay policy and practice that resulted in a failure to pay them for all hours worked over eighty (80) within bi-weekly pay periods at one and one-half times their regular hourly rates of pay, as previously described.

32.    This action is properly maintained as a multi-plaintiff action because Plaintiffs and potential plaintiffs have been similarly deprived of overtime compensation due to Defendant's unlawful pay practices.

33.    Plaintiffs and potential plaintiffs are also similarly situated because their unpaid overtime wage claims are unified through common theories of the Defendant's FLSA violations.

34.    The multi-plaintiff action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts, and/or substantially impair the ability of Plaintiffs and potential plaintiffs to protect their interests.

35.    Plaintiffs will fairly and adequately protect the interests of potential plaintiffs as their interests align with those of potential plaintiffs, i.e., to pursue their unpaid overtime compensation claims.

36.    Counsel for Plaintiffs will adequately protect her interests as well as the interests of all potential plaintiffs.

37.    Defendant knew Plaintiffs and those similarly situated performed compensable overtime

work within bi-weekly pay periods during all times material without compensating for such unpaid overtime time at the applicable FLSA overtime compensation rates of pay.

38. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct has caused significant damages to Plaintiffs and potential plaintiffs.

39. Defendant does not have a good faith basis for failing to compensate Plaintiffs and potential plaintiffs for all their compensable overtime hours at the applicable FLSA overtime compensation rates of pay within bi-weekly pay periods during all times material to this action.

40. Thus, the Defendant is liable to Plaintiffs and potential plaintiffs under the FLSA for failing to properly compensate them for all their unpaid overtime.

41. Plaintiffs request this Court to facilitate notices to potential plaintiffs to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

42. The precise number of potential plaintiffs is not known by Plaintiffs as of this time but can be easily ascertained in part by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

43. Given the composition and number of potential plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging, and by posting notice at the Defendant's rehabilitation center.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

44. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

45. Plaintiffs and potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b), at all relevant times, as previously described.

46. Defendants failed to pay Plaintiffs and those similarly situated one and one-half times their regular hourly rates of pay for all hours worked over eighty (80) within bi-weekly pay periods during all times material herein - as previously addressed.

47. Defendant's practice of failing to pay Plaintiffs and potential plaintiffs for all their overtime hours within bi-weekly pay periods at the applicable FLSA overtime compensation rates of pay during all times material violated the overtime provisions of the FLSA – as previously described.

48. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

49. Through its common pay policies and practices, Defendant has violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and potential plaintiffs for all hours worked in excess of eighty (80) within bi-weekly pay periods at one-and-one-half times their regular hourly rates during all times material to this action.

50. Defendant's actions were willful with reckless disregard to clearly established FLSA provisions.

51. Defendant does not have a good faith basis for its conduct.

52. The unpaid overtime claims of Plaintiffs and potential plaintiffs are unified through common theories of Defendant's FLSA violations.

53.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

54.     Therefore, Defendant is liable to Plaintiffs and potential plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of potential plaintiffs, request the Court to enter judgment in their favor on this Complaint and:

a)   Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

b)   Award Plaintiffs and potential plaintiffs who join this action FLSA statutory damages against Defendant;

c)   Award Plaintiffs potential plaintiffs who join this action all unpaid overtime compensation against Defendant;

d)   Award Plaintiffs and potential plaintiffs who join this action liquidated damages in accordance with the FLSA against Defendant;

e)   Award Plaintiffs and those similarly situated prejudgment interest (to the extent that liquidated damages are not awarded);

f)   Award Plaintiffs and those similarly situated post-judgment interest and court costs as allowed by law;

g)   Find and declare that Defendant's violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

h)   Award Plaintiffs and those similarly situated reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

i)   Allow Plaintiffs to amend their Complaint, if necessary, as new facts are discovered;

j)   Provide additional general and equitable relief to which Plaintiffs and potential plaintiffs may be entitled; and

k)   Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a **TRIAL BY JURY** as to all issues.

Dated: February 21, 2025.                    Respectfully Submitted,

*s/J.Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BRP #041423)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jbryant@jsyc.com*
*jleatherwood @jsyc.com*
*jautry@jsyc.com*

*ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED*